UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CAMERON LACROIX,

Plaintiff,

v.

CENTRAL INTELLIGENCE AGENCY,

Defendant.

Civil Action No. 26-CV-13723-ADB

**ANSWER**

Defendant, the Central Intelligence Agency ("CIA" or "Defendant"), by and through undersigned counsel, hereby responds to the Complaint filed by Plaintiff Cameron Lacroix alleging violations of the Freedom of Information Act ("FOIA").

**RESPONSE TO UNNUMBERED PARAGRAPH**

The allegations in this unnumbered paragraph constitute a characterization of this action and the relief requested by Plaintiff, to which no response is required. To the extent that a response is required, CIA admits that this action purports to be brought under FOIA.

**RESPONSES TO NUMBERED PARAGRAPHS**

CIA responds to the separately numbered paragraphs and prayer for relief contained in the Complaint below. To the extent the Complaint refers to or quotes from external documents, statutes, or other sources, CIA may refer to such materials for their accurate and complete contents in response; however, CIA's references are not intended to be, and should not be construed to be, an admission that the cited materials are: (a) correctly cited or quoted by Plaintiff; (b) relevant to this, or any other action; or (c) admissible in this, or any other, action. CIA expressly denies all

allegations in the Complaint including the relief sought, that are not specifically admitted to or otherwise qualified in this Answer.

## INTRODUCTION

1. CIA admits it received a FOIA request from Plaintiff dated December 23, 2025 and assigned it Reference No. F-2026-00705 (the "Request"). CIA respectfully refers the Court to the Request as the best evidence of its contents. CIA otherwise denies the allegations in Paragraph 1.

2. CIA admits that it issued a final response to the Request on June 17, 2026 (the "Final Response"). CIA avers that its Final Response, CIA indicated it could neither confirm nor deny the existence or nonexistence of records responsive to the Request, and cited to FOIA exemptions (b)(1) and (b)(3). CIA respectfully refers the Court to the Final Response as the best evidence of its contents. CIA otherwise denies the allegations in Paragraph 2.

3. CIA avers that Plaintiff submitted a timely appeal to CIA's determination regarding his Request, and that by letter dated August 4, 2026, CIA acknowledged receipt of Plaintiff's appeal (the "Appeal Acknowledgement"). CIA respectfully refers the Court to the Appeal Acknowledgement as the best evidence of its contents. CIA otherwise denies the allegations in Paragraph 3.

4. The allegations in this paragraph constitute a characterization of this action and the relief requested by Plaintiff, to which no response is required. To the extent that a response is required, CIA admits that this action purports to be brought under FOIA.

## PARTIES, JURISDICTION, AND VENUE

5. The allegations in this paragraph are Plaintiff's characterizations of itself to which no response is required. To the extent a response is required, CIA lacks knowledge or information sufficient to form a belief about the truth of the allegations contained within this paragraph.

6. CIA admits that CIA is a federal “agency” within the meaning of 5 U.S.C. § 552(f)(1) and subject to FOIA.

7. The allegations in this paragraph contain Plaintiff’s conclusions of law regarding the Court’s jurisdiction, to which no response is required. To the extent a response is required, CIA admits that this Court has jurisdiction over proper FOIA actions, as limited by the relief available under FOIA.

8. The allegations in this paragraph contain Plaintiff’s conclusions of law regarding the proper venue, to which no response is required. To the extent a response is required, CIA admits that this judicial district is venue for a proper FOIA action.

## FACTUAL BACKGROUND

### A. Events Giving Rise to the Request

9. CIA lacks knowledge or information sufficient to form a belief about the truth of the allegations contained within this paragraph.

10. CIA lacks knowledge or information sufficient to form a belief about the truth of the allegations contained within this paragraph.

11. CIA lacks knowledge or information sufficient to form a belief about the truth of the allegations contained within this paragraph.

12. CIA lacks knowledge or information sufficient to form a belief about the truth of the allegations contained within this paragraph.

13. CIA lacks knowledge or information sufficient to form a belief about the truth of the allegations contained within this paragraph.

14. CIA lacks knowledge or information sufficient to form a belief about the truth of the allegations contained within this paragraph.

15. CIA lacks knowledge or information sufficient to form a belief about the truth of the allegations contained within this paragraph.

16. CIA lacks knowledge or information sufficient to form a belief about the truth of the allegations contained within this paragraph.

17. CIA lacks knowledge or information sufficient to form a belief about the truth of the allegations contained within this paragraph.

18. CIA lacks knowledge or information sufficient to form a belief about the truth of the allegations contained within this paragraph.

19. CIA lacks knowledge or information sufficient to form a belief about the truth of the allegations contained within this paragraph.

20. CIA lacks knowledge or information sufficient to form a belief about the truth of the allegations contained within this paragraph.

21. CIA lacks knowledge or information sufficient to form a belief about the truth of the allegations contained within this paragraph.

22. CIA lacks knowledge or information sufficient to form a belief about the truth of the allegations contained within this paragraph.

23. CIA lacks knowledge or information sufficient to form a belief about the truth of the allegations contained within this paragraph.

24. CIA lacks knowledge or information sufficient to form a belief about the truth of the allegations contained within this paragraph.

**B. FOIA Request and Glomar Response**

25. CIA admits it received Plaintiff's December 23, 2025 FOIA Request, assigned it Reference No. F-2026-00705, and acknowledged receipt of Plaintiff's Request on April 16, 2026

(the "Request Acknowledgement"). CIA respectfully refers the Court to the referenced documents as the best evidence of their contents. CIA otherwise denies the allegations in Paragraph 25.

26. CIA admits that it issued the Final Response and respectfully refers the Court to the Final Response as the best evidence of its contents. CIA otherwise denies the allegations in Paragraph 26.

27. CIA admits that it issued the Final Response and respectfully refers the Court to the Final Response as the best evidence of its contents. CIA otherwise denies the allegations in Paragraph 27.

**C. Administrative Appeal and Expedited-Processing Request**

28. CIA admits that on July 28, 2026, Plaintiff filed an appeal of CIA's FOIA determination (the "Appeal Request"). CIA respectfully refers the Court to the Appeal Request as the best evidence of its contents. CIA also admits that it issued the Appeal Acknowledgment on August 4, 2026 and respectfully refers the Court to the Appeal Acknowledgement as the best evidence of its contents. CIA otherwise denies the allegations in Paragraph 28.

29. CIA admits Plaintiff filed the Appeal Request and respectfully refers the Court to the Appeal Request as the best evidence of its contents. CIA otherwise denies the allegations in Paragraph 29.

30. This paragraph consists of a legal conclusion to which no response is required. To the extent a response is required, CIA respectfully refers the Court to the language of 32 C.F.R. § 1900 as the best evidence of its contents. CIA otherwise denies the allegations in Paragraph 30.

31. CIA admits that it issued the Appeal Acknowledgment on August 4, 2026. CIA respectfully refers the Court to the Appeal Acknowledgement as the best evidence of its contents. CIA otherwise denies the allegations in Paragraph 31.

32. CIA admits that it issued the Appeal Acknowledgment and respectfully refers the Court to the Appeal Acknowledgement as the best evidence of its contents. CIA otherwise denies the allegations in Paragraph 32.

33. This paragraph consists of a legal conclusion to which no response is required. To the extent a response is required, CIA denies the allegations in Paragraph 33.

34. The allegations in this paragraph constitute a characterization of this action and the relief requested by Plaintiff, to which no response is required. To the extent a response is required, CIA denies the allegations in Paragraph 34.

## CLAIMS FOR RELIEF

**Count I – Improper Glomar Response/Withholding**

35. CIA incorporates its responses to paragraphs 1 through 34 above.

36. This paragraph consists of a legal conclusion to which no response is required. To the extent a response is required, CIA denies the allegations in this paragraph.

37. The allegations in this paragraph constitute a characterization of this action and the relief requested by Plaintiff, to which no response is required. To the extent a response is required, CIA denies the allegations in Paragraph 37.

38. The allegations in this paragraph constitute a characterization of this action and the relief requested by Plaintiff, to which no response is required. To the extent a response is required, CIA denies the allegations in Paragraph 38.

**Count II – Failure to Apply Expedited-Processing Framework**

39. CIA incorporates its responses to paragraphs 1 through 38 above.

40. CIA admits Plaintiff filed the Appeal Request and respectfully refers the Court to the Appeal Request as the best evidence of its contents. CIA otherwise denies the allegations in Paragraph 40.

41. CIA admits that it issued the Appeal Acknowledgment and respectfully refers the Court to the Appeal Acknowledgement as the best evidence of its contents. CIA otherwise denies the allegations in Paragraph 41.

42. The. allegations in this paragraph constitute a characterization of this action and the relief requested by Plaintiff, to which no response is required. To the extent a response is required, CIA denies the allegations in Paragraph 42

**EXHAUSTION**

43. CIA admits Plaintiff filed the Appeal Request and respectfully refers the Court to the Appeal Request as the best evidence of its contents. CIA otherwise denies the allegations in Paragraph 43.

44. The allegations in this paragraph constitute a characterization of this action and the relief requested by Plaintiff, to which no response is required. To the extent a response is required, CIA denies the allegations in Paragraph 44.

* * *

The remaining paragraphs of the Complaint consist of Plaintiff's request for relief to which no response is required. To the extent a response is required, CIA denies that Plaintiff is entitled to the relief requested in these paragraphs, elsewhere in the Complaint, or to any relief whatsoever.

**DEFENSES**

CIA respectfully requests and reserves the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to the Complaint

become known to CIA through the course of the litigation. In asserting these defenses, CIA does not assume the burden of proving any of these defenses or elements of them where the burden is properly placed on Plaintiff as a matter of law.

**FIRST DEFENSE**

This Court lacks subject matter jurisdiction over any of Plaintiff's requests for relief that exceeds the relief authorized by FOIA. *See* 5 U.S.C. § 552.

**SECOND DEFENSE**

Plaintiff is not entitled to compel the production of any record or portion of any record exempt from disclosure by one or more exemptions enumerated in the FOIA, 5 U.S.C. § 552(b).

**THIRD DEFENSE**

Plaintiff is not entitled to production of non-exempt portions of records that are not reasonably segregable from exempt portions of records.

**FOURTH DEFENSE**

Plaintiff is not eligible for or entitled to an award of attorneys' fees or costs in this action.

**FIFTH DEFENSE**

CIA has exercised due diligence in processing Plaintiff's FOIA requests and exceptional circumstances exist that necessitate additional time for CIA to continue its processing of Plaintiff's FOIA request.

Respectfully submitted,

LEAH B. FOLEY
United States Attorney

Dated: October 16, 2026 By: *<u>/s/ RAYFORD A. FARQUHAR</u>*
Rayford A. Farquhar
Assistant United States Attorney
United States Attorney's Office
1 Courthouse Way, Suite 9200
Boston, MA 02210
Tel.: 617-748-3284
Email: Rayford.farquhar@usdoj.gov

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

Dated: October 16, 2026 By: *<u>/s/ Rayford A. Farquhar</u>*
RAYFORD A. FARQUHAR
Assistant United States Attorney